Submitted on record and briefs July 24, 1992, rule held valid February 3, 1993

# ANTHONY M. CHAPMAN,
*Petitioner,*

*v.*

# DEPARTMENT OF CORRECTIONS,
*Respondent.*

(CA A72560)

846 P2d 409

Anthony M. Chapman, Salem, filed the brief *pro se.*

Charles Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

**ROSSMAN, P. J.**

Petitioner seeks review, under ORS 183.400, of the validity of OAR 291-97-015(1) and (2), a Department of Corrections administrative rule governing prison term reductions. He contends that the rule is invalid because it exceeds the authority granted to the Department under ORS 421.121(1) and (4).

ORS 421.121 provides:

"(1) Except as provided in ORS 137.635, each inmate sentenced to the custody of the department for felonies committed on or after November 1, 1989, shall be eligible for *a reduction in the term of incarceration for appropriate institutional behavior, as defined by rule of the Department of Corrections,* and for participation in the functional literacy program described in ORS 412.084.

"* * * * *

"(4) The department shall adopt rules pursuant to the rulemaking provisions of ORS 183.310 to 183.550 to establish a process for granting, retracting and restoring the time credits earned by the offender as allowed in subsections (1) to (3) of this section." (Emphasis supplied.)

By the emphasized language, the legislature has delegated to the Department the responsibility to determine what constitutes "appropriate institutional behavior" for the purpose of determining eligibility for a reduction in the term of incarceration.

OAR 291-97-005(3) sets out the policy behind "earned time credits." It provides that

"[e]arned time credits are designed to provide a minimum amount of time credits necessary to serve as adequate incentive for appropriate institutional behavior and program participation."

OAR 291-97-015(1) provides that inmates may earn credits for up to 20 percent of their prison term "for acceptable participation in work and self-improvement programs and maintaining appropriate institutional conduct." OAR 291-97-015(2) lists the criteria to be considered in determining whether the inmate has earned good time credits. Among them are the inmate's participation in a work assignment

program and the inmate's successful participation in a self-improvement program.

Petitioner contends that, by the Department's own rules, particularly OAR 291-97-005(3), "appropriate institutional behavior" is different from program participation. He argues that because ORS 421.121 makes a reduction in term contingent only on appropriate institutional behavior, program participation may not be considered in evaluating the inmate's entitlement to a reduction in term.

Although OAR 291-97-005(3) appears to distinguish program participation from appropriate institutional behavior, ORS 421.121 does not, by its terms, make that distinction or exclude consideration of program participation from what constitutes appropriate institutional behavior, and program participation may reasonably be encompassed in that term. We conclude that, in including participation in work assignment and self-improvement programs among the criteria to be considered in determining entitlement to a reduction in the term of incarceration, the Department acted within the range of discretion provided by ORS 421.121.

Rule held valid.